IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MARY JANE VEA AUVAA, an individual; JOSHUA AUVAA, an individual; TEINE AUVAA, an individual; DAVID MICHAEL GARN, <br><br>Plaintiffs, <br><br>vs. <br><br>THE CITY OF TAYLORSVILLE, a Municipal Government of the State of Utah, LORENZO K. MILLER, an individual, LOHRA L. MILLER, an individual, and MILLER & MILLER LAW OFFICES, <br><br>Defendants. | Civil No. 2:06-CV-0684BSJ <br><br>**DECLARATORY JUDGMENT** |

\* \* \* \* \* \* \* \* \*

On April 20 and April 30, 2007, the above-captioned proceeding came before the court for a status conference and a hearing on plaintiffs' motion for declaratory judgment pursuant to Fed. R. Civ. P. 57. D. Bruce Oliver appeared on behalf of the plaintiffs; Peter Stirba appeared on behalf of the defendant. The court heard argument of counsel concerning the claims of plaintiffs Joshua Auvaa and Teine Auvaa, against whom state criminal riot charges remained pending at the time that this court denied the motion of defendant Lorenzo Miller to dismiss those claims on March 27, 2007.

Counsel had advised the court that the defendant submitted orders of dismissal of the riot charges to the Third District Court, and that the same were signed and entered on April 10, 2007. Nonetheless, counsel for defendant Miller insists that the position taken by him in seeking to re-

prosecute Joshua and Teine Auvaa following their acquittal by a jury in their first trial was well taken and legally meritorious, notwithstanding the Utah Court of Appeals' rulings in proceedings affecting two other plaintiffs. *See Taylorsville City v. Adkins*, 2006 UT App 374, 145 P.3d 1161; Order, dated September 22, 2006, in *Taylorsville City v. Christiansen*, Case No. 20060731-CA (Utah Ct. App.). Defendant Miller's assertions in this proceeding reflect his view that these plaintiffs remain vulnerable to re-prosecution after acquittal, and the controversy on that point persists. Thus, this is not a case in which the plaintiffs concededly did not and will not engage in conduct proscribed by a challenged statute, *cf. PETA v. Rasmussen*, 298 F.3d 1198, 1202-03 (10th Cir. 2002); nor is it a case in which the city prosecutor has already acknowledged that a challenged statute did not apply to the plaintiff's conduct, *cf. Faustin v. City and County of Denver*, 268 F.3d 942, 948 (10th Cir. 2001).

This court concurs with the reading of the Double Jeopardy Clause articulated by the Utah Court of Appeals in the *Taylorsville City v. Adkins* opinion cited above, and rejects the contrary view asserted by defendant Miller before this court.

Based upon the record now before this court,

**IT IS ORDERED, ADJUDGED AND DECREED** that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applied to the States and their subdivisions through the Due Process Clause of the Fourteenth Amendment, precludes the re-prosecution of plaintiffs Joshua Auvaa and Teine Auvaa in Third District Court on criminal riot charges as to which they were already acquitted by verdict of a jury following trial in the Taylorsville Justice Court, and Defendant Miller violated the federal constitutional rights of these plaintiffs in seeking to re-prosecute them on those riot charges in the context of the pending

Third District Court trial *de novo* on the charges of interfering with a lawful arrest.

Plaintiffs Joshua and Tiene Auvaaare awarded $1,000 in attorney's fees pursuant to 42 U.S.C. § 1988, together with their costs of action.

DATED this _8_ day of May, 2007.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge